UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| REBECCA MANN, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:10-CV-330 (JCH) |
| | : | |
| v. | : | |
| | : | |
| PATRICK DONAHOE, | : | FEBRUARY 21, 2012 |
| POSTMASTER GENERAL, | : | |
|     Defendant. | : | |
| | : | |

**RULING RE: DEFENDANT'S SUPPLEMENTAL
MOTION FOR SUMMARY JUDGMENT (Doc. No. 44)**

**I.    BACKGROUND**

Plaintiff Rebecca Mann brought this action against her employer, the Postmaster General of the United States Postal Service, John Potter ("USPS"). Mann originally alleged that she has been discriminated against on the basis of her disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), that she had been discriminated against on the basis of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), and that she had been retaliated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"). See Am. Compl. (Doc. No. 6).

USPS sought summary judgment as to all of Mann's claims. See Def.'s First Mot. for Summ. J. (Doc. No. 26). The court granted USPS's first Motion for Summary Judgment as to Mann's claims under the ADA, the ADEA, and Title VII, and granted Mann leave to amend her complaint to include a claim under the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 et seq. See Ruling (Doc. No. 46); Order (Doc. No. 42).

1

Thus, Mann's Rehabilitation Act claim, alleged in her Second Amended Complaint, is her remaining claim.  See Second Am. Compl. (Doc. No. 43).  In response to Mann's Second Amended Complaint, USPS filed the Supplemental Motion for Summary Judgment currently before the court.  See Supplemental Mot. for Summ. J. (Doc. No. 44).  The relevant facts and background are set forth in the court's previous Ruling.

## III.   STANDARD OF REVIEW

A motion for summary judgment "may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant judgment for the moving party as a matter of law."  In re Dana Corp., 574 F.3d 129, 151 (2d Cir. 2009).  Thus, the role of a district court in considering such a motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists."  Id.  In making this determination, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought.  See Fed. R. Civ. P. 56(c); Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 274 (2d Cir. 2009).

"[T]he moving party bears the burden of showing that he or she is entitled to summary judgment."  United Transp. Union v. Nat'l R.R. Passenger Corp., 588 F.3d 805, 809 (2d Cir. 2009).  Once the moving party has satisfied that burden, in order to defeat the motion, "the party opposing summary judgment . . . must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'"  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(e)).  "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a

reasonable jury could decide in the non-movant's favor." Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (quoting Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)); see also Havey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir. 2008) (stating that a non-moving party must point to more than a mere "'scintilla'" of evidence in order to defeat a motion for summary judgment) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

## IV.   DISCUSSION

Mann contends that she is disabled in two ways: first, because she is an alcoholic; and second, because she suffers from headaches. See Pl.'s Opp'n (Doc. No. 45) at 12-13. USPS argues that Mann cannot make out a prima facie case of disability discrimination based on her headaches or her alcoholism pursuant to the Rehabilitation Act. See Def.'s Mem. in Supp. (Doc. No. 44-1) at 12, 15.

The Rehabilitation Act states that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." 29 U.S.C. § 794(a). In analyzing a claim under the Rehabilitation Act, the court relies on the burden-shifting analysis established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See Regional Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 48-49 (2d Cir. 2002).[1] Under the McDonnell Douglas

---

[1] This, and many of the cases relied on by the court, were decided before the ADA Amendments Act of 2008, Pub. L. 110-325, 122 Stat. 3553, which broadened the interpretation of certain of the ADA's terms, including "substantially limited" and "major life activity." The court relies on these cases' treatment of the parties' burden of production, rather than their treatment of the evidentiary threshold for showing a limitation of a major life activity. Because the breadth of these terms is not in question in this case, the ADA Amendments Act does not affect the analysis.

framework, the plaintiff bears the initial burden of establishing a prima facie case by showing that: (1) she is disabled within the meaning of the Rehabilitation Act; (2) that she is otherwise qualified to perform the job; (3) that she suffered an adverse employment action because of her disability; and (4) that the employer receives federal funds.[2]  See D'Amico v. City of New York, 132 F.3d. 145, 150 (2d Cir. 1998).  The plaintiff's initial burden of production is "minimal."  Regional Econ. Cmty. Action Program, Inc., 294 F.3d at 49.  If the plaintiff establishes those elements, thereby making out a prima facie case, the burden shifts to the defendant to produce a legitimate, nondiscriminatory explanation for the action.  See id.  Once the defendant produces such a reason, the plaintiff can prevail if she can show that the reason given is really a pretext for discrimination.  Id.

To make a prima facie case that she is an individual with a disability, Mann must show that she has: (1) a physical or mental impairment that substantially limits one or more of her major life activities; (2) a record of such an impairment; or (3) is regarded as having such an impairment.  See 42 U.S.C. § 12102(1); 29 U.S.C. § 705(20)(B) (incorporating 42 U.S.C. § 12102).  To show that her disabilities are covered by the Rehabilitation Act, Mann must first show that she suffers from a physical or mental impairment, and then identify the activity she claims is impaired, and establish that it constitutes a major life activity.  See Weixel v. Board of Educ., 287 F.3d 138, 147 (2d

---

[2] The defendant does not dispute that it is a recipient of federal financial assistance.  See Def.'s Mem. in Support at 6.

Cir. 2002).[3]  Mann must then show that her impairment "substantially limits" the major life activity previously identified.  Id.

Major life activities "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102(2).  Regulations of the Equal Employment Opportunity Commission ("EEOC") further define the term "substantially limited" as including "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity."  29 C.F.R. § 1630.2(j)(1).  Factors considered in determining whether an individual is substantially limited in a major life activity include: "(i) [t]he nature and severity of the impairment; (ii) [t]he duration or expected duration of the impairment; and (iii) [t]he permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment."  29 C.F.R. § 1630.2(j)(2).

A.     Headaches

USPS argues that Mann cannot show that her headaches constitute a disability within the meaning of the Rehabilitation Act because she has not adduced sufficient evidence for a reasonable jury to find that the headaches limit any of Mann's major life activities.  See Def.'s Mem. in Supp. at 12.  To establish substantial impairment of a major life activity, courts in the Second Circuit have required plaintiffs to introduce

---

[3] Courts interpreting the Rehabilitation Act rely on cases interpreting the ADA.  See, e.g., Curcio v. Bridgeport Bd. of Educ., 477 F. Supp. 2d 515, 521 (D. Conn. 2007).

medical evidence "substantiating the specific limitations to which he claims he is subject due to his conditions." See Buotote v. Illinois Tool Works, Inc., No. 3:09cv2144 (JBA), 2011 WL 3859686 at *6 (D. Conn. Aug. 31, 2011) (internal citations omitted) (collecting cases). Courts have found that a plaintiff's testimony as to her limitations is insufficient evidence to establish a prima facie case under the ADA. See id.; see also Ragusa v. Malverne Free Sch. Dist., 381 F. App'x 85, 88 (2d Cir. 2010) (affirming summary judgment because "no reasonable factfinder could identify the requisite substantial limitation" based on the record of a doctor's note clearing plaintiff to return to work following surgery and plaintiff's non-specific testimony about her limitations); Sussle v. Sirina Protection Syst. Corp., 269 F. Supp. 2d 285, 301-04 (S.D.N.Y. 2003) ("District courts in the Second Circuit have repeatedly held that a plaintiff's personal testimony which describes the alleged limits that affect a major life activity, 'without supporting medical testimony, simply is not sufficient to establish his prima facie case under the ADA.'" (Internal citation omitted)).

At her deposition, Mann testified that her headaches sometimes limited her ability to work, to care for her grandchildren, to cook, and to do housework. See Dep. of Rebecca Mann, Ex. 1 to Def.'s First Mot. for Summ. J. (Doc. No. 26-4) ("Dep. of Rebecca Mann") at 48-49. The record also contains a one-page letter from Mann's primary care physician, dated May 22, 2009, provided in response to USPS's request for medical documentation of Mann's fitness to return to work. The note is addressed "To Whom It May Concern," and states in part, "[a]s I have reported on her FMLA applications over the past years she suffers from recurrent stress related headaches and neck and shoulder pain exacerbated by stress." See Letter, Ex. J. to Pl.'s Opp'n to

First Mot. for Summ. J. (Doc. No. 32). The note is silent as to the impact of these headaches and pain.

Impairment of a major life activity is "a significant threshold for seeking redress under the ADA." Felix v. New York City Transit Auth., 324 F.3d 102, 107 (2d Cir. 2003). Because Mann has presented no medical evidence that her headaches are a substantial limitation on her ability to work, to provide child care, or to do chores, she has not presented a triable issue of fact as to whether her headaches constitute a disability within the meaning of the Rehabilitation Act.[4] See Ragusa, 381 F. App'x at 88; Buotote, 2011 WL 3859686 at *6; Farina v. Branford Bd. of Educ., No. 3:09-cv-49 (JCH), 2010 WL 3829160 at *12 (D. Conn. 2010) (granting summary judgment where plaintiff had presented no evidence of her specific limitations); Sussle, 269 F. Supp. 2d at 301-04.

B.   Alcoholism

Although alcoholism is an impairment under the Rehabilitation Act, it is not a per se disability: to make a prima facie case, a plaintiff must show that her addiction substantially limits a major life activity.[5] Reg'l Econ. Cmty. Action Program v. City of Middletown, 294 F.3d 35, 46-47 (2d Cir. 2002) ("mere status as an alcoholic or substance abuser does not necessarily imply a 'limitation'").

---

[4] Defendants make several other arguments about why Mann's claim of disability discrimination based on her headaches should fail, including that Mann has not offered any evidence that USPS took an adverse action because of her headaches. See Defs.' Mem. in Support at 14. Because the court finds that Mann has not adduced evidence by which a reasonable jury could find that her headaches constitute a disability under the Rehabilitation Act, it need not reach these arguments.

[5] Although a plaintiff may meet this burden by showing that she has a record of a disability or was regarded as having a disability, see 42 U.S.C. § 12102(1), Mann does not argue that she was discriminated against because she was regarded as having a disability.

7

USPS accurately asserts that "Mann has not introduced any medical evidence outlining how her alcoholism impacts a major life activity." Def.'s Mem. in Supp. at 15. Moreover, Mann has not introduced any evidence whatsoever that her alcoholism substantially limits any of her major life activities. In her statement of disputed facts filed along with her Opposition to the first Motion for Summary Judgment, Mann claimed that she "has suffered from the disability of alcoholism since in or about 2003 . . . for which she sought treatment at Johnson Memorial for one week and then followed that with a twelve (12) step program in Enfield." Pl.'s L.R. 56(a)(2) Stmt. ¶ 57 (citing Dep. of Rebecca Mann at 50-52). The only other factual allegation regarding Mann's alcoholism is that she "had been abstaining from alcohol to the best of her abilities prior to March 17, 2009, and has been sober since." Id. ¶ 58 (citing Dep. of Rebecca Mann at 54). At her deposition, Mann testified that when she does not drink, she does not feel as though her alcoholism affects her life. See Dep. of Rebecca Mann at 61. When asked whether her relapses affected her life, she responded that "this one obviously did," but did not identify any specific ways that she was affected. Id.

Mann has not alleged that her alcoholism limited any of her major life activities, nor has she adduced any evidence by which a jury could find that her alcoholism limited any of her major life activities. Without such evidence, there remains no genuine issue of material fact as to whether Mann is disabled within the meaning of the Rehabilitation Act. See, e.g., Myshka v. City of New London, No. 3:08cv1835 (SRU), 2010 WL 965741 at *5-7 (D. Conn. Mar. 15, 2010) (granting summary judgment against plaintiff who brought ADA and Rehabilitation Act claims but failed to present any specific evidence of the restrictions allegedly imposed by his alcoholism).

Because Mann cannot show that her alcoholism is a disability within the meaning of the Rehabilitation Act, her prima facie case necessarily fails.  Therefore, the court need not address the other elements of her discrimination claim.

## V.   CONCLUSION

For the foregoing reasons, USPS's Supplemental Motion for Summary Judgment (Doc. No. 44) is **GRANTED**.  Because summary judgment has been granted as to all claims in this case, the clerk is directed to close the case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 21st day of February, 2012.

                                           /s/ Janet C. Hall
                                          Janet C. Hall
                                          United States District Judge